IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1998 SESSION

FILED

June 11, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,               )
                                  )        NO. 02C01-9708-CC-00324
        Appellee,                 )
                                  )        GIBSON COUNTY
VS.                               )
                                  )        HON. DICK JERMAN, JR.,
BRUCE  COLE,                      )        JUDGE
                                  )
        Appellant.                )        (Sentencing)


**CONCURRING/DISSENTING OPINION**


        I concur in all respects with the opinion by my colleague, Judge David G.
Hayes, with exception of the refusal to allow certain credits.  I believe the statutory
scheme clearly requires credit for time served in a community corrections program
even if participation in the program is a condition of probation.

        As noted by my colleagues, the statute expressly requires credit for time spent
in a community corrections program when a community corrections sentence is
revoked.  *See* Tenn. Code Ann. § 40-36-106(e)(4).  My colleagues then conclude,
however, that to allow credit for participation in the community corrections program
when it is a condition of probation would in most cases only encourage the
probationer to intentionally violate probation after completion of his Release Eligibility
Date so as to terminate his sentence and all further supervision.  I find nothing in our
law indicating that a probation revocation and reinstatement of the original
penitentiary sentence terminates the sentence just because the offender has
surpassed his Release Eligibility Date.  Obviously, one is not necessarily released,
nor is the sentence terminated, upon reaching a Release Eligibility Date.  *See* Tenn.
Code Ann. § 40-35-501 et. seq.  The determination of release must be made by the
Board of Paroles.

        Moreover, my colleagues sweepingly conclude that a probationer is not
entitled to jail credit.  In doing so they overlook Tenn. Code Ann. § 40-36-

106(e)(3)(B). If an offender is first placed in a community corrections program, subsequently transferred to ordinary probation and then violates probation, the court is expressly required to award credit for the time served in the community corrections program upon probation being revoked.

Community corrections is a special program with strict requirements. The legislative intent is clear: a person participating the community corrections program gets credit for the time served in the program. To allow credit for one participating only in the community corrections program and to deny credit for one participating in both community corrections and probation does not make a whole lot of sense to me. It's just that simple.

For these reasons, I respectfully dissent from the denial of credit for the time of participation in the community corrections program.

_____
**JOE G. RILEY, JUDGE**

2